JNO. C. FERRISS v. J. WILLIAMSON.

COUNTY COURT. *Sheriff. Public property. Court house. Custody and care of.* While the statute makes it a duty of the sheriff of the county to take care of the court-house and grounds, yet the county court may create the office of janitor, and annually elect some one to fill the same, with a salary attached, to be paid by warrant issued by the county judge.

Code cited: Sec. 411 *et seq.*

FROM DAVIDSON.

Appeal from the Law Court. Jo. C. GUILD, Judge.

No counsel marked.

NICHOLSON, C. J., delivered the opinion of the court.

At the January term, 1875, of the County Court of Davidson county, it was ordered that the court annually elect a janitor for the court-house, to have a salary of $600 a year, to be paid monthly. Under this order James Williamson was elected and entered upon the discharge of his duties.

On February 1, 1875, he applied to John C. Ferriss, County Judge of Davidson county, for a warrant for his month's services as janitor. Ferriss refused to issue a warrant, whereupon Williamson applied, by petition, to the judge of the law court for an alternative

mandamus, which was granted. Ferriss demurred to the petition upon the ground that there is no law authorizing the action had by the justices of Davidson county, and if he should issue the warrant he would be acting without law or authority.

The judge of the law court overruled the demurrer, and ordered a peremptory mandamus to issue, from which judgment Ferriss has appealed.

The court-house is one of the county buildings which the county court is empowered to erect and keep in order and in repair. The sheriff of the county has charge of the court-house, unless some other person is specially appointed by the court for that purpose.

The judge of the county court is the accounting officer and general agent of the county, and has the care and custody of all the county property, except such as is by law placed in the custody of other officers. Code, sec. 411 *et seq.*

These provisions of the law are explicit and unambiguous. The sheriff of the county is the officer specially designated to have charge of the court-house, that is, to have custody of it, and to protect it from trespassers and intruders, and to keep it and the grounds attached thereto in order. But the county court has the power to appoint another person to perform these duties. The county judge or chairman has no custody or charge of the court-house, for the reason that the care and custody of court-houses are given to the sheriff.

In the exercise of the power conferred upon them,

the justices of the county determined to relieve the sheriff of the duty of taking charge of the court-house of Davidson county, but to appoint the relator to discharge the duties of taking charge of it, and they designate as janitor of the court-house, that is, the door-keeper or porter of the court-house, meaning thereby to impose upon him the same duties which the law imposes on sheriffs in regard to the care, custody, and protection of court-houses, and the grounds attached.

We think it clear that the county court had the authority of law for making the appointment, and that the county judge was bound, as financial agent of the county, to issue his warrant in pursuance of the order of the county court.

There was, therefore, no error in the judgment of the law court, and the same is affirmed.